○ GOETZ v. RIES et al.

(Supreme Court, Special Term, New York County. March 11, 1907.)

1. REFORMATION OF INSTRUMENTS (§ 45*)—ACTIONS—SUFFICIENCY OF EVIDENCE—TERMS OF CONTRACT.

In a suit to reform a partnership dissolution agreement, by which defendant sold plaintiff his interest in the firm, so as to include a covenant by defendant not to re-engage in a similar business, evidence *held* to show that defendant did not so agree.

[Ed. Note.—For other cases, see Reformation of Instruments, Dec. Dig. § 45.*]

2. MASTER AND SERVANT (§ 6*)—EMPLOYMENT—EVIDENCE.

In a suit to enjoin defendant from entering another's employment on the ground that he contracted to work for plaintiff for a definite period, evidence *held* not to show that defendant made such contract.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 6.*]

3. PARTNERSHIP (§ 229*)—RIGHTS OF PARTIES—INTERFERENCE WITH GOOD WILL—SOLICITING TRADE FROM OLD CUSTOMERS.

One who sold his interest in a firm to plaintiff, together with the good will of the business, interfered with the good will by afterwards soliciting trade from the old customers of the firm.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 229.*]

4. PARTNERSHIP (§ 229*)—RIGHTS OF PARTIES—OBTAINING EXCLUSIVE DESIGNS.

Where the firm of which plaintiff and defendant were members when defendant sold his interest to plaintiff, together with the good will, upon the dissolution thereof, had an understanding that certain patterns should be used exclusively on the goods ordered by the firm from the manufacturer, defendant's attempt to obtain goods of such patterns from the manufacturer was an interference with the good will of the business which will be enjoined; good will including every advantage acquired by the old firm in carrying on its business, whether connected with the premises in which the business was previously conducted, or with the name of the firm or any other material benefit to the business.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 229.*

For other definitions, see Words and Phrases, vol. 4, pp. 3128–3130; vol. 8, p. 7673.]

5. PLEADING (§ 193*)—OBJECTIONS—MISJOINDER OF CAUSE OF ACTION.

An objection that the complaint improperly joined causes of action against different defendants should be raised by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 435; Dec. Dig. § 193.*]

Action by Ludwig E. Goetz against Nathan Ries and another. Complaint dismissed as to unnamed defendant, and judgment for plaintiff in part as to defendant named.

See, also, 127 App. Div. 940, 111 N. Y. Supp. 1120.

N. Ottinger, for plaintiff.

L. & A. U. Zinke (A. Benedict, of counsel), for defendants.

BISCHOFF, J. The plaintiff and the defendant Ries were partners engaged in the business of selling laces and embroideries, and the defendant Sontheimer was an employé of the firm. On June 28, 1905, the plaintiff purchased Ries' interest, the firm was dissolved by written

agreement, and shortly afterwards Ries and Sontheimer became partners in the conduct of a competing business.. Asserting that Ries obtained the purchase price of his interest in the firm of Ries & Goetz through fraudulently misrepresenting his intention not to engage in a similar business, the plaintiff prays for a reformation of the dissolution agreement to include a covenant which would express that restriction, and also seeks an injunction to restrain the defendants from interfering with the value of the good will of the business thus sold by Ries to him. Further, the plaintiff claims that Sontheimer had entered into an agreement with him for a definite period of employment, and an injunction is sought to prevent the employé from rendering services to Ries, or to others, in violation of that agreement.

So far as the case proceeds for a reformation of the agreement of dissolution or for an injunction against the defendants' conduct of a similar or competing business, the plaintiff cannot have relief upon the facts as I view them. The plaintiff testifies that the agreement was originally framed to include a restriction against Ries' prosecution of a similar business, but that the clause was stricken out at Ries' insistence, the latter having stated, however, that he had no intention of continuing in this line of business for himself, and it is claimed that this statement of his intention was false and was made to induce the plaintiff to enter into the agreement and to pay a substantial sum for Ries' interest. Ries, on the other hand, denies the making of any representation as to his intention not to engage in business; and testifies, also, that no form of contract which contained a restriction upon his future actions was ever exhibited to him or discussed by him with the plaintiff.

The probabilities favor the view that no statement of Ries was relied upon by the plaintiff as an inducement to the transactions between them, and that the defendant's version of what took place is more nearly correct. At the time when the agreement was made, these partners were dealing at arms' length and in a spirit of personal hostility; indeed, the dissolution was deemed necessary because of their quarrels, and, when discussing their differences, they actually came to blows. The dispute ended by each offering bids for the other's interest, and the plaintiff, who became the purchaser, evinced a disposition to have every detail of the transactions reduced to binding legal form. These being the conditions surrounding the signing of the agreement, it is highly improbable that the plaintiff would have contented himself with, or have asked for, any verbal statement of Ries' intentions as to his future business plans, or that he should have signed the agreement in reliance upon such a statement, if volunteered. In an atmosphere of trust and confidence, the plaintiff's story of the defendant's deceit would not be out of harmony, but where, in fact, the air was filled with enmity, suspicion, and distrust, his attitude of suddenly disarmed confiding is too much at odds with the scene to be convincing. That there was no real understanding that Ries was to refrain from engaging in a competing business is further evidenced by the fact that on July 20, 1905, many days after the plaintiff became aware of the formation of the firm of Ries & Sontheimer and of its trading character, an agreement was executed by these parties confirming everything

in the original dissolution agreement and settling certain matters arising out of that agreement.

Upon the question of the alleged contract between the plaintiff and Sontheimer, I do not find that the weight of the evidence supports the plaintiff's claim that such a contract was made. On the day when the dissolution of the firm of Ries & Goetz was determined upon, Sontheimer was approached by Ries with a proposition for an association in business. Later, but on the same day, a similar proposal was made to him by Goetz, and to each, as he testifies, he made answer that he wished to consult with his uncle before making a definite arrangement. Goetz, the plaintiff, testifies that Sontheimer immediately accepted his offer, and certain witnesses have been called to support his statement. This corroborating testimony, given by employés of the plaintiff, is found upon examination to be infirm with respect to necessary details, and, so far as it proceeds upon an admission said to have been made by Sontheimer of his employment by Goetz at the very time when he had entered into a written contract of partnership with Ries, it is wholly lacking in probability. My estimate of the credibility of the opposing witnesses leads me to accept the testimony of Sontheimer upon this issue, and I fail to find that the relations of Ries and Sontheimer grew out of a conspiracy to injure the business conducted by Goetz or by the old firm for their own profit. Nor is there satisfactory proof to support the allegation that these defendants unfairly obtained the services of employés of the firm of Ries & Goetz. So far as appears, the two employés who became connected with the firm of Ries & Sontheimer were influenced only by their own idea of their best interests, and there is no reasonable ground for an inference of some sinister design on the part of their employers.

The plaintiff is, however, entitled to an injunction to restrain Ries' interference with the value of the good will which he sold in soliciting the trade of customers of the old firm and in procuring the benefit of patterns and enlargements, the exclusive use of which by the manufacturers for the old firm was obviously a valuable feature of the business. It is admitted by the pleadings that Ries did solicit the trade of old customers, and this was as matter of law an interference with the good will. People ex rel. Johnson Co. v. Roberts, 159 N. Y. 70, 80, 53 N. E. 685, 45 L. R. A. 126, and cases cited. So, too, the attempt to obtain goods made up from designs which, although the property of the manufacturers, were devoted with substantial exclusiveness to the business of the old firm, was equally an interference with what the retiring partner had sold. "Good will must mean every advantage that has been acquired by the old firm in carrying on its business, whether connected with the premises in which the business was previously carried on, or with the name of the late firm, or with any other matter carrying with it the benefit of the business." Churton v. Douglas, H. R. V. Johns. 174, 188; People ex rel. Johnson v. Roberts, supra.

The proof discloses the fact to be that as to two manufacturers at least the old firm had the benefit of a direct understanding that the patterns used by Ries & Goetz should be devoted exclusively to their orders. Whether or not the firm had binding agreements with these manufacturers is not particularly important. Certainly the custom or

arrangement was of value to the firm, and became an element which entered into the substance of the business, with which the defendant Ries, by his transfer of his interest in the good will, had bound himself, impliedly, not to interfere. Competition in procuring these same patterns from the same manufacturers, while perhaps open to other dealers, was closed to Ries, because he had transferred to Goetz a species of property which, in fact, depended for its value upon his agreement not to jeopardize the customary advantages which the old firm possessed in its special dealings with these manufacturers.

The complaint will be dismissed as to the defendant Sontheimer, the plaintiff having failed to support the allegations directed against this defendant by the greater weight of the evidence, as I have noted. There may have been an improper joinder of causes of action against these different defendants, but the point was for demurrer, and the case, as presented to me, requires a determination upon the merits.

The plaintiff may have judgment against the defendant Ries restraining the soliciting of customers of the old firm, and the attempt to procure patterns which by arrangement with the manufacturers were to be reserved for the trade of the old firm, either by the defendant or by his agents or servants, and for an inquiry as to damages, with costs. Present form of decision and judgment upon notice. Requests to find have been passed upon, and left with the clerk.